IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| KENRICK C. HAMILTON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NORTHERN VA DISTRICT OFFICE, )<br>Support Enforcement Specialist, and )<br>SUPPORT COLLECTION UNIT, )<br>County of Cattaraugus, )<br>)<br>Defendants. ) | Civil Action No. 1:20-cv-644 (RDA/MSN) |

## **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on the Report and Recommendation ("Recommendation") issued by Magistrate Judge Michael S. Nachmanoff on January 28, 2021. Dkt. 18. For the reasons that follow, the Court approves and adopts the Recommendation and dismisses this civil action.

### I. BACKGROUND

Plaintiff, proceeding *pro se*, filed a Complaint in this Court on June 9, 2020. Dkt. 1. In this case, Plaintiff alleges false debt collecting practices in this case involving child support arrearages, which appear to have arisen from an order of the Family Court of the State of New York in Cattaraugus County. On November 20, 2020, Plaintiff filed an application for entry of default (Dkt. 15) and Motion for Default Judgment (Dkt. 14). Judge Nachmanoff recommends that Plaintiff's Motion for Default Judgment and Application for Entry of Default be denied and that Plaintiff's Complaint be dismissed. Plaintiff objected to the Recommendation on February 5, 2021. Dkt. 19. He supplemented that objection on February 8, 2021. Dkt. 20. The Court

construed Defendant's first Motion to Enforce as an amended complaint, which the Court struck for non-compliance with Federal Rule of Civil Procedure 15(a) on February 24, 2021.  Plaintiff has since filed a second Motion for Enforcement (Dkt. 22), a Statement of Claim (Dkt. 23), and a Motion for Summary Judgment (Dkt. 24).

In his objection to Magistrate Judge Nachmanoff's Recommendation, Plaintiff repeats allegations stated in the Complaint, excerpting portions of that pleading under the caption "Motion to Object to Report and Recommendations."  *See* Dkt. 18.  Plaintiff's supplement to his objection provides information indicating that he effected service on Defendant Northern Virginia District Office, Support Enforcement Specialist and made some attempt to serve Defendant Support Collection Unit.  *See* Dkt. 19.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2), federal district courts are obligated to screen initial filings. *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656-57 (4th Cir. 2006).  A court must dismiss a case at any time if the court determines that the action "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  The standards for dismissal pursuant to section 1915(e)(2)(B)(ii) are the same as those for dismissal under Federal Rule of Civil Procedure 12(b)(6).  *See De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003).  Thus, to survive dismissal for failure to state a claim, a complaint must contain sufficient factual allegations "to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  Further, "a judge must accept as true all of the factual allegations contained in the complaint" and accord a liberal construction to a *pro se* litigant's pleadings.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A district court must "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b) ("The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made.").

### III. ANALYSIS

As an initial matter, the Court has already considered and rejected Plaintiff's previous Motion to Enforce, construing the submission as an amended complaint filed in violation of Federal Rule of Civil Procedure 15(a). The Court incorporates the reasoning set forth in its February 24, 2021 Order and similarly denies Plaintiff's second Motion to Enforce and Statement of Claim (Dkt Nos. 22; 23) for the same reason.

Plaintiff has also filed a document captioned as a "Motion for Summary Judgment," and this two-page document references the "pleadings, depositions, answers to interrogatories and admissions filed in this action, the affidavits of the plaintiff, Charlotte Hamilton (witness/wife) and" Plaintiff's "claims, motions, and statements" with supporting evidence filed in this case. Dkt. 24. Plaintiff has not provided any such discovery material or supporting evidence, however, and the motion complies with neither Federal Rule of Criminal Procedure 56(c) nor Local Civil Rule 56(B). Plaintiff's Motion for Summary Judgment must therefore be denied.

Defendant has also objected to the Report and Recommendation issued by Magistrate Judge Nachmanoff. Dkt Nos. 19; 20. Defendant appears to object to the Recommendation's conclusions that there is no subject matter jurisdiction over this action, that he fails to state a claim upon which relief may be granted, and that he has failed to serve Defendant Support Collection Unit. *See* Dkt Nos. 19; 20. The Court will address each objection in turn.

1. Subject Matter Jurisdiction

In addition, as the Recommendation notes, "[t]o the extent plaintiff seeks to bring a claim to reduce or reverse the order of the Cattaraugus County Family Court, such a claim must be directed to the court of original jurisdiction." Dkt. 18. It appears that Plaintiff seeks to collaterally attack a New York state-court judgment in this Court.

But a federal district lacks jurisdiction to review such claims for relief under a principle known as the Rooker-Feldman doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). "Under the Rooker–Feldman doctrine, lower federal courts generally do not have jurisdiction to review state-court decisions; rather, jurisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court." *Adkins v. Rumsfeld*, 370 F. Supp. 2d 426, 429 (E.D. Va. 2004). The doctrine also bars claims that a plaintiff could have raised in the state-court proceeding. *Id.* at 430. (citing *Allstate Insurance Co. v. W. Va. State Bar*, 233 F.3d 813, 819 (4th Cir. 2000)).

Because Plaintiff seeks federal district court review of a state-court judgment, this Court lacks subject matter jurisdiction over Plaintiff's claims. Accordingly, Plaintiff's claims fail insofar as he seeks to reduce or reverse the order of the Cattaraugus County Family Court.

2. Failure to State a Claim

As the Recommendation notes, when a plaintiff proceeds *in forma pauperis*, district courts are obligated to review the complaint pursuant to 28 U.S.C. § 1915. A complaint may be dismissed sua sponte if the plaintiff's claims are frivolous, malicious, fail to state a claim, or seek monetary relief against an immune defendant. *See* 28 U.S.C. § 1915(e)(2)(B).

In his Complaint, Plaintiff alleges that the debt calculation is fraudulent, false, and unfair under the Debt Collection Practices Act, that Defendant owes Plaintiff return of garnished wages from overpayments and losses from false credit reports, plus legal fees. The Complaint contains some notes on credit cards and rental agreements that are not entirely clear. In addition, Plaintiff refers to a number of federal statutes and regulations, and the Court has parsed the Complaint to determine, wherever possible, which sources of law Plaintiff's claims for relief rely upon. Having reviewed the Complaint and the statutory authorities invoked by Plaintiff, the Court finds that Defendant does not state a claim upon which relief may been granted for the following reasons.

Plaintiff cites 42 U.S.C. § 666(b)(10)-(11), a statute listing which categories of state law procedures must be in place for child support matters under sections 666(a)(1)(A) and 654(20)(A). These sections of the Child Support Performance and Incentive Act of 1998 state:

> (10) Provision must be made for terminating withholding.
> (11) Procedures under which the agency administering the State plan approved under this part may execute a withholding order without advance notice to the obligor, including issuing the withholding order through electronic means.

The statutory provisions Plaintiff cites do not appear relevant to his underlying claims as he does not challenge New York's procedures for child support. Furthermore, even assuming these statutory sections were relevant to Plaintiff's claims for relief, the Court cannot discern a private right of action for Plaintiff to enforce this provision of federal law.

Plaintiff also cites 42 U.S.C. § 667(b)(2), a provision of federal law that creates a rebuttable presumption that child support award amounts determined by established state calculations are correct. This section of federal law does not confer a private right of action on a private litigant as this section merely sets a standard of review for award calculations. Accordingly, Plaintiff fails to state a claim under this statute.

Next, Plaintiff refers to 31 U.S.C. § 3729(a)(1)(c), (3), which appears to reference the False Claims Act. Sections of that statute establish what false claims create liability, including "knowingly present[ing] a false or fraudulent claim for payment or approval." *See* 31 U.S.C §§ 3729(a)(1), (a)(1)(C), (a)(3); § 3730(c)(3); § 3729(a)(1). Section 3729(a)(1)(C) specifically refers to conspiracy to commit a violation of any other part of § 3729(a)(1). Section 3729(a)(3) makes a violator of the False Claims Act liable for the costs of a civil action to recover penalties and/or damages. The citation to (c)(3) may refer to section 3730(c)(3), allowing for a private party to undertake *qui tam* actions and, under section 3730(d), receive a portion of the judgment as inducement for rooting out false claims affecting the government fisc. But Plaintiff's False Claims Act claim is barred because a private right of action does not exist for *pro se* plaintiffs under the False Claims Act. *See U.S. ex rel. Brooks v. Lockheed Martin Corp.*, 237 F. App'x 802, 803 (4th Cir. 2007). In addition, Plaintiff has not alleged fraud under the heightened pleading standard demanded by Federal Rule of Civil Procedure 9(b). *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 788 (4th Cir. 1999). For these reasons, Plaintiff does not state a valid claim for relief under the False Claims Act.

In addition, Plaintiff cites 20 U.S.C. § 1097, a federal statute detailing the criminal penalties for illegally obtaining "funds, assets, or property provided or insured under this subchapter," specifically Chapter 28. *Id.* There is no private right of action under § 1097, *see, e.g.*, *White v. Apollo Grp.*, 241 F. Supp. 2d 710, 712 (W.D. Tex. 2003), which accords with the general rule that a private cause of action is not implied in criminal statutes unless the statute sufficiently protects some special group rather than broad government interests alone. *See Cort v. Ash*, 422 U.S. 66, 80 (1975). Consequently, Plaintiff has not stated a claim upon which relief may be granted.

Next, Plaintiff invokes Title 3 for the Consumer Credit Protection Act and the Customer Credit Protection Act or as Title 3, which appear to be references to Title III of the Consumer Credit Protection Act as codified at 15 U.S.C. §§ 1671-77. These sections limit the amount that can be garnished from wages for child support, set other garnishment maximums, bar firing due to garnishment, and allow the Secretary of Labor to exempt states that maintain "substantially similar" provisions. Lower federal courts lack jurisdiction to adjudicate garnishment amounts previously determined by state courts under the Rooker-Feldman doctrine. *See, e.g.*, *McNeil v. Fed. Network Sys., LLC*, No. CIV. WDQ-13-1501, 2014 WL 269430, at *2 (D. Md. Jan. 22, 2014). And where a court lacks jurisdiction, no private right of action exists. *Papadopoulos v. EagleBank*, No. GJH-17-2177, 2017 WL 6550672, at *3-4 (D. Md. Dec. 21, 2017). Plaintiff fails to state a claim under this statute as well.

Plaintiff also seeks relief under federal regulation. The Court reads his Complaint to reference 5 CFR § 581.104(h)(1)(i-xiii); the Court also interprets his Complaint to possibly reference 5 CFR § 104(h)(1)(xiv). These provisions list reimbursement expenses of federal employees that are not subject to garnishment. The Court discerns no basis for Plaintiff's entitlement to relief under these provisions as they appear only to aid a federal employer who intends to initiate garnishment proceedings; the Court does not read the regulations to empower private litigants to challenge the amount being garnished. Accordingly, Plaintiff does not state an actionable claim for relief under this regulatory provision.

Although Plaintiff also identifies 50 U.S.C. § 403(g) in his Complaint, this notation appears to refer to a prior version of the code that now appears at 50 U.S.C. § 3507. Originally part of section 6 of the Central Intelligence Agency Act of 1949, both versions of the statute relate to intelligence officials limiting disclosure of certain information, including employment and salary

details. Congress has specifically vested in intelligence officials the power to limit disclosure under this statue, and the law confers no private right of action. Hence, Plaintiff fails to state a claim for relief under this provision of federal law.

Finally, Plaintiff refers to the Fair Debt Collection Practices Act "FDCPA" in his Complaint, apparently referring to the law codified at 15 U.S.C. § 1692j-k. One section of the FDCPA bars knowingly "design[ing], compil[ing], and furnish[ing]" forms that create a false belief regarding who may collect a debt. *See* 15 U.S.C. § 1692j. The law creates civil liability for violations of any part of the surrounding subchapter on debt collection practices. *See* 15 U.S.C. § 1692k. There is a private right of action under the FDCPA where "(1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Ruggia v. Washington Mut.*, 719 F. Supp. 2d 642, 647 (E.D. Va. 2010).

Assuming Plaintiff has standing to bring a claim under the FDCPA, he nevertheless fails to state a claim upon which relief may be granted. Plaintiff seeks relief from court-ordered child support payment obligations, which the Fourth Circuit has held "do not qualify as 'debts' under the FDCPA because they were not incurred to receive consumer goods or services." *Mabe v. G.C. Servs. Ltd. P'ship*, 32 F.3d 86, 88 (4th Cir. 1994) (upholding dismissal of FDCPA claim related to child support obligations that "arose out of an administrative support order issued by Virginia's Department of Social Services"). Because Plaintiff's FDCPA claim fails this threshold requirement, the Court cannot permit his claim to proceed.

### 3. Service

Lastly, in his supplemental objection Plaintiff contests that he has failed to serve Defendant Support Collection Unit pursuant to Fed. R. Civ. P. 4(m). *See* Dkt. 20. In support of this objection,

Plaintiff asserts that he has e-mailed a summons and other documents to Defendant and send copies via first class mail. *See id.* at 1. Although Plaintiff has provided a copy of an August 5, 2020 e-mail with the subject line "Summons to District Court" that he appears to have sent to an e-mail address associated with the State of New York, neither this nor Plaintiff's statements about copies he sent via first-class mail amount to sufficient proof of service under Federal Rule of Civil Procedure 4(m).

IV. CONCLUSION

Having reviewed Plaintiff's objections, the record, and Judge Nachmanoff's Recommendation, the Court hereby APPROVES and ADOPTS the Recommendation (Dkt. 18); and

IT IS FURTHER ORDERED that Plaintiff's Motion for Default Judgment (Dkt. 14) and Application for Entry of Default (Dkt. 15) are DENIED; and

IT IS FURTHER ORDERED that Plaintiff's second Motion to Enforce (Dkt. 22) and Statement of Claim (Dkt. 23) are DENIED; and

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment (Dkt. 24) is DENIED.

IT IS FURTHER ORDERED that this action is DISMISSED.

To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk of this Court within 30 days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order Plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

The Clerk is directed to enter judgment against Plaintiff, forward copies of this Order to Plaintiff, *pro se*, and close this civil action.

It is SO ORDERED.

Alexandria, Virginia
August 4, 2021

/s/
Rossie D. Alston, Jr.
United States District Judge